Brandon J. Schwartz (SBN 361655)
Schwartz APC
1104 Corporate Way, Ste. 244
Sacramento, CA 95831
Telephone: (916) 571-3205
Fax: (279) 348-8203
Email: brandon.schwartz@schwartzapc.com

Attorney for Plaintiffs
**Brandon J. Schwartz, A Professional Corporation and
Boomajoom, LLC**

Plaintiff
*Pro Se*

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON J. SCHWARTZ; BRANDON J. SCHWARTZ, A PROFESSIONAL CORPORATION; BOOMAJOOM, LLC<br><br>    Plaintiffs,<br><br>    vs.<br><br>JUSTIN RIDDLE.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR:**<br><br>**(1) Promoting CSAM (18 U.S.C. § 2255)**<br>**(2) Computer Fraud and Abuse (18 U.S.C. § 1030(g))**<br>**(3) Ralph Civil Rights Act (Civ. Code § 51.7)**<br>**(4) Tom Bane Civil Rights Act (Civ. Code § 52.1)**<br>**(5) Creation and Intentional Disclosure of Digitized Sexually Explicit Material (Civ. Code § 1708.86)**<br>**(6) Knowingly Sending Unsolicited Image Depicting Obscene Material By Electronic Means (Civ. Code § 1708.88)**<br>**(7) Libel at Common Law and Civ. Code § 45A**<br>**(8) Libel Per Se at Common Law and Civ. Code § 45A**<br>**(9) Abuse of Process** |

1

COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff Brandon J. Schwartz, *pro se*, and Plaintiffs Brandon J. Schwartz, A Professional Corporation and Boomajoom, LLC, by and through their attorney Brandon J. Schwartz, allege as follows:

### THE PARTIES

1. Plaintiff Brandon J. Schwartz ("Schwartz") is a citizen of the United States who, at the time of the violations of law alleged herein, resided at and, at the present time, continues to reside within the Eastern District of California. The Plaintiff is a licensed attorney in the State of California, and is admitted to practice in the Northern District of California, the Eastern District of California, the Central District of California, and the Ninth Circuit Court of Appeals.

2. Plaintiff Brandon J. Schwartz, A Professional Corporation ("Schwartz APC") is a California corporation doing business in Sacramento, California. Collectively, Schwartz and Schwartz APC will be referred to as "Law Firm Plaintiffs" below.

3. Plaintiff Boomajoom, LLC ("Boomajoom") is a California limited liability company doing business in Manteca, California.

4. Defendant Justin Riddle ("Defendant") is a citizen of the United States who, at the time of the violations of law alleged herein, resided at and, at the present time, continues to reside within the District of Nebraska.

### JURISDICTION & VENUE

5. This Court has original jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. § 1331 (federal question jurisdiction). Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to her claims occurred in this judicial district.

COMPLAINT; DEMAND FOR JURY TRIAL

**FACTUAL ALLEGATIONS**

7.     The Defendant has had a long, often sexual obsession with Schwartz.

8.     In or around January 2024, the two first encountered each other on social media website Twitter / X ("Twitter"). The Defendant primarily posted from two accounts: @ProSeSelfHelp and @FitingInjustice, the former of which is currently suspended.

9.     Upon information and belief, Schwartz first came to the Defendant's attention when Schwartz stated it was not defamatory to call Kyle Rittenhouse, who was the subject of national media attention for causing the death of two people during the 2020 Black Lives Matter protests, a murderer.[1]

10.     At the time, the Defendant was advancing his flourishing career as a vexatious litigant following a single court win that allowed him to maintain ownership over a gripe website concerning a bank he lost a lawsuit against. (See, Riddle v. Charter West Bank, 8:18-CV- 00017, Riddle v. Charter West Bank, 19-1859 8th Cir.; Riddle v. Omaha Public Schools, 8:23- CV-00455 D. Neb.; Riddle v. Omaha Public Schools, 8:23-CV-00547 D. Neb.; Riddle v. Omaha Public Schools, 8:24-CV-00431 D. Neb.; Riddle v. Omaha Public Schools, 24-1940 8th Cir.; Riddle v. X Corp., 1:25-CV-00073 W.D. Tex.; Riddle v. X Corp., 25-50951 5th Cir.; and a plethora of state court cases not readily accessible to the Plaintiffs.)

11.     Since their first encounter, the parties bandied insults. Schwartz felt that the Defendant was a vexatious litigant who would leave a sour taste in judges' mouths for other *pro se* parties who had serious issues to litigate. The Defendant appears to have felt that Schwartz was a shill for the system (and also a homosexual). None of that is actionable.

12.     As time went on, the Defendant repeatedly challenged Schwartz to some kind of physical altercation. While styled as a challenge to some kind of mixed martial arts match, the Defendant repeatedly said he would inflict serious bodily injury on Schwartz before any referees could intervene.

13.     In 2025, the Defendant escalated his behavior in two ways.

---

[1] Gisel v. Clear Channel Commc'ns, Inc., 942 N.Y.S.2d 751, 752 (2012).

COMPLAINT; DEMAND FOR JURY TRIAL

14. First, on August 22, 2025, the Defendant filed an "EMERGENCY MOTION FOR IMMEDIATE INJUNCTIVE RELIEF TO STOP ONGOING FEDERAL CRIMES BY LICENSED ATTORNEY USING STOLEN EVIDENCE FROM THESE PROCEEDINGS AND TO COMPEL EXAMINATION OF MATHEMATICAL IMPOSSIBILITIES ENABLING THE LARGEST FRAUD IN HUMAN HISTORY" in his case against X Corp. in the Western District of Texas. Riddle v. X Corp., 1:25-CV-00073 W.D. Tex. ECF 62.

15. Schwartz is not admitted to practice in the Western District of Texas, and Schwartz APC has no cases in the Western District of Texas.

16. The Law Firm Plaintiffs were not parties to the case against X Corp., which, following an almost entirely granted motion to dismiss, concerned whether X Corp. was liable for contributory copyright infringement.

17. This forty-seven-page motion was part of a series of vexatious filings that ultimately resulted in the case being dismissed with prejudice by the district court. It served no purpose to advance the objects of the litigation.

18. That filing stated "Licensed attorney Brandon Joel Schwartz is committing ongoing federal crimes using stolen evidence from these proceedings[.]" And, "This Court's pattern of ignoring evidence encourages additional criminal conduct[.]"

19. It alleges that "Brandon Schwartz's federal crimes escalate daily[.]"

20. Further, "The same courts that enable licensed attorneys to commit federal crimes using stolen evidence then characterize Plaintiff's comprehensive documentation of those crimes as 'threatening' or 'harassing' conduct." Continuing, the document states "Brandon Schwartz escalated to federal crimes[.]"

21. The motion then goes on to complain about the Nebraska Attorney General and other Twitter users that have raised the Defendant's ire, before coming back to the Law Firm Plaintiffs.

22. Under the heading "The Ongoing Criminal Enterprise", the Defendant wrote: "Brandon Joel Schwartz (California Bar #361655), a brand new attorney admitted May 7, 2025 operating from virtual mailbox 1104 Corporate Way, Suite 244, Sacramento, CA (Pacific

COMPLAINT; DEMAND FOR JURY TRIAL

Workplaces mail forwarding service) is committing ongoing federal crimes: 1. Copyright Infringement (17 U.S.C. § 501): Using Plaintiff's copyrighted photograph as his Twitter profile image – the exact image at issue in this litigation 2. Criminal Harassment (47 U.S.C. § 223): Repeatedly calling Plaintiff's spouse a "whore," "prostitute," and "confirmed active prostitute" 3. Threats (18 U.S.C. § 875): "I can email your wife directly and tell her that she's a whore" 4. Obstruction (18 U.S.C. § 1503): Mocking federal proceedings while committing crimes using stolen evidence[.]"

23.    The filing then accuses the Law Firm Plaintiffs of being part of a "criminal enterprise."

24.    The motion pivots to attacking the judge before coming back to the Law Firm Plaintiffs. Under a heading "The Brandon Schwartz Professional Fraud" the Defendant alleges that Schwartz "believes federal crimes are acceptable practice." [sic]

25.    The motion then attacks each practice area listed on Schwartz APC's website, accusing the Law Firm Plaintiffs of "violating [civil rights] through harassment and threats", criminal defense as "needing [criminal defense] for his own federal crimes", employment claims "as in unemployed clients after his representation", and business formation "as in forming criminal enterprises."

26.    The motion accuses Schwartz of "professional fraud" and having "escalated to federal crimes" upon admission to the Bar. Further, Schwartz's "criminal enterprise exists because both X Corp and this Court systematically refuse to enforce established federal law."

27.    The motion pivots again to a rant about the court, mathematics, and the Americans with Disabilities Act, and the Nebraska Attorney General again, before asking the court to enjoin Schwartz.

28.    The motion closes with the Defendant swearing under penalty of perjury that Schwartz is committing "ongoing federal crimes" and asks that the Department of Justice investigate Schwartz.

29.    The Defendant emailed Schwartz at his boomajoom.com work email address to brag that he had submitted this and promised to ruin Schwartz's life.

5

30.    This was not the last filing attacking the Law Firm Plaintiffs.

31.    After the Defendant was sanctioned with dismissal, he appealed to the Fifth Circuit Court of Appeals where he continued his attack on the Law Firm Plaintiffs (as well as the Nebraska Attorney General for some reason).[2]

32.    The Law Firm Plaintiffs are attacked in the appellant brief as well as in an "OPPOSED EMERGENCY MOTION FOR IMMEDIATE RELIEF PENDING APPEAL filed on December 12, 2025. That motion accuses Schwartz of committing perjury.

33.    The Defendant repeated many of these claims on Twitter, and states in his profile biography that Schwartz will face criminal charges.

34.    The evidence that Schwartz is alleged to have stolen is a digital image that someone else made by modifying an image of the Defendant and his wife to be a parody.



35.    The second way the Defendant escalated his conduct was when he began using artificial intelligence (AI) to generate sexually explicit images and videos of Schwartz and post them on Twitter.

---

[2] Not only were all of these motions denied, but the Fifth Circuit Court of Appeals affirmed the judgment of the lower court.

COMPLAINT; DEMAND FOR JURY TRIAL

36.    These images and videos depicted Schwartz with ejaculate on him, engaging in foot fetish activities with another male attorney from Wisconsin (usually with at least one participant having an oddly engorged foot). Some images and videos depicted Schwartz at adult establishments and the Defendant captioned many by describing in explicit and graphic detail how "Bareback Brandon Schwartz" was engaged in a variety of unsafe homosexual acts with strangers.[3]

37.    This media was often posted alongside screenshots from Schwartz APC's website.

38.    Upon information and belief, these images and videos were posted hundreds of times (if not more) over the span of a few months.

39.    Sometimes the Defendant would email them to Schwartz at his boomajoom.com work email address.

40.    Schwartz never consented to these images or videos being created and asked the Defendant to stop generating and posting them on several occasions.

41.    On at least two occasions, the Defendant posted on Twitter that he possessed child sexual exploitation material ("CSAM", referred to in the applicable statutes as "child pornography") depicting Schwartz.

42.    Upon information and belief, the only CSAM the Defendant possess that depicts Schwartz would have also had to be generated with AI.

43.    Given how much pornography that the Defendant generated of Schwartz, Schwartz believes in good faith that the Defendant has in fact generated CSAM depicting him.

44.    The Defendant threatened to post this CSAM on Twitter on at least two occasions.

45.    These images and videos were posted and promoted within the last year.

---

[3] Upon information and belief, "bareback" is a term for unprotected sex used, but not exclusively, by the gay community. Marc Peyser, A Deadly Dance, NEWSWEEK (Sep. 28, 1997, 8:00 PM, updated Mar. 13, 2010, 10:20 PM), https://www.newsweek.com/deadly-dance-172768

46. On June 26, 2026, events reached a breaking point.

47. Schwartz received a series of emails from the Defendant at his boomajoom.com work email address.

48. In one, the Defendant wrote, "You just entered a world that you didn't know existed, and I'm going to fuck you up so hard, so many times, so repeatedly, well, let's just say sucking dick won't be the only thing you're embarrassed about."

49. The Defendant went on to write, "it is going to be a royal fucking dick in that butthole bitch, and not the one you want." Schwartz believes this was a threat to rape him.

50. Schwartz did not respond to the first email.

51. In a second email sent that night, the Defendant wrote, "I'm coming for you personally, physically. I'm going to catch you outside when you least expect it and disable you for life."

52. Schwartz did not respond to the second email.

53. The Defendant sent a third email with more homosexual ideations about Schwartz.

54. Schwartz did not respond to the third email.

55. The Defendant then sent a fourth email that advised that Schwartz should "be nervous" because "I know where you shop, I know where you live, I know where you pretend to work from, I know what kind of car you drive, I know the people you talk to on the phone, I know the people you text, I know who you dm [direct message], I figured all of it out because you were too dumb to lock two certain things." [sic]

56. After due diligence, the Plaintiffs have not found any evidence that Schwartz's, Schwartz APC's, or Boomajoom's computers or telephones have been compromised, but definitive evidence would be in the Defendant's custody.

57. The Plaintiffs tolerated these abuses until it seemed they may compromise client interests and safety.

58. Schwartz promptly filed a petition for a civil harassment order on June 29, 2026. A preliminary order was granted.

COMPLAINT; DEMAND FOR JURY TRIAL

59.    On July 14, 2026, Schwartz APC received a call from Nebraska attorney Justin Wayne, who left a voicemail.

60.    In the voicemail, Wayne informed the firm that he did not represent the Defendant.

61.    When Schwartz called Wayne back, Wayne advised that if Schwartz did not drop the petition for a civil harassment protection order that the Law Firm Plaintiffs would be hauled into court in Nebraska, Schwartz would be required to fly to Nebraska to sit for numerous depositions, that all of the Law Firm Plaintiffs' client files would be subpoenaed because "privilege works differently in Nebraska" and that this would be very expensive for the Law Firm Plaintiffs.

62.    Wayne further advised that law enforcement was on his side, that he had connections with the FBI, and that he would "rain hell" on Schwartz.

63.    On July 15, 2026, the Defendant traveled from Nebraska to appear in person in state court to ask for a continuance, and represented that he would return to the state on August 19, 2026, for the final hearing.

## FIRST CAUSE OF ACTION

### (Promoting CSAM (18 U.S.C. § 2255))

### (Brandon J. Schwartz Against Justin Riddle)

64.    The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

65.    The Defendant represented that he possessed CSAM depicting Schwartz.

66.    On Twitter, a medium of interstate commerce, the Defendant offered to post CSAM depicting Schwartz.

67.    On Twitter, a medium of interstate commerce, the Defendant threatened to post CSAM depicting Schwartz if Schwartz would not consent to a battery.

9

COMPLAINT; DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### (Computer Fraud and Abuse (18 U.S.C. § 1030(g)))

### (All Plaintiffs Against Justin Riddle)

68.    The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

69.    The Defendant represented he has compromised the computer and telephone systems of the Plaintiffs.

70.    As a licensed attorney and law firm, the Law Firm Plaintiffs protect the confidences of vulnerable clients, who are at risk of physical injury, impairment of medical treatment, and safety should their information be compromised or disseminated.

71.    Securing the Plaintiffs' computer and telephone systems following a compromise would incur costs exceeding $5,000 in a single calendar year.

## THIRD CAUSE OF ACTION

### (Ralph Civil Rights Act (Civ. Code § 51.7))

### (Brandon J. Schwartz Against Justin Riddle)

72.    The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

73.    The Defendant perceived Schwartz to be a homosexual, which is a sexual orientation.

74.    Upon information and belief, the Defendant falsely reported Schwartz to law enforcement agencies that Schwartz was engaging in unlawful activities with at least a reckless disregard for the falsity of the report.[4]

---

[4] There are two bases for this belief. First, the Defendant requested that the district court in Texas refer Schwartz to the Department of Justice. Second, the Defendant filed a complaint with the State Bar of California with many of the same defamatory allegations, and he promised to file such a volume of complaints with the State Bar that they would be forced to discipline Schwartz. It stands to reason that the Defendant has filed complaints with other government bodies.

10

COMPLAINT; DEMAND FOR JURY TRIAL

75. The Defendant threatened to rape and permanently disable Schwartz in a way that constitutes intimidation by threat of violence.

76. The Defendant has the apparent authority to carry out this threat as evidenced by his ability to travel to this state for a simple request for a continuance.

77. The Defendant showed that he was acting in at least a reckless disregard for the threatening nature of his speech when he said he would permanently disable and rape Schwartz.

### FOURTH CAUSE OF ACTION

### (Tom Bane Civil Rights Act (Civ. Code § 52.1))

**(Brandon J. Schwartz Against Justin Riddle)**

78. The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

79. Schwartz was exercising his rights under the California and Federal Constitutions by publicly commenting on a lawsuit the Defendant explicitly hoped would receive international media attention.

80. The Defendant attempted to interfere in those rights through threats and intimidation by threatening to permanently disable and rape Schwartz.

### FIFTH CAUSE OF ACTION

### (Creation and Intentional Disclosure of Digitized Sexually Explicit Material

### (Civ. Code § 1708.86))

**(Brandon J. Schwartz Against Justin Riddle)**

81. The Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

82. The Defendant used AI to generate images and videos depicting the transfer of semen by means of sexual conduct from the penis direct onto Schwartz as a result of ejaculation.

83. The Defendant generated images and videos depicting Schwartz engaged in despicable conduct with a willful and knowing disregard of the Schwartz's rights, as evidenced by the Defendant repeatedly posting this media over Schwartz's protests and acknowledging that he did so to vex Schwartz.

11

COMPLAINT; DEMAND FOR JURY TRIAL

84. The Defendant knew that Schwartz did not consent to this media being created because Schwartz repeatedly told the Defendant to stop generating and posting it.

85. Schwartz did not generate this media.

86. This media is not a matter of legitimate public concern.

87. This media is not political or newsworthy.

88. Depicting Schwartz in foot fetish videos or images covered in ejaculate is not commentary or criticism otherwise protected by law.

### SIXTH CAUSE OF ACTION

### (Knowingly Sending Unsolicited Image Depicting Obscene Material By Electronic Means (Civ. Code § 1708.88))

### (Brandon J. Schwartz and Boomajoom, LLC Against Justin Riddle)

89. The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

90. The Defendant generated images and videos using AI that depicted Schwartz engaged in sodomy as defined by common law, as well as depicting Schwartz in obscene material as defined by statute.

91. The Defendant used electronic means to send this media to Schwartz and Boomajoom.

92. Neither Plaintiff consented to this media being generated or being sent to them.

93. In fact, Schwartz repeatedly expressed his lack of consent to this media.

94. Nonetheless, the Defendant used electronic means (social media and email) to send this media to these Plaintiffs.

//

COMPLAINT; DEMAND FOR JURY TRIAL

## SEVENTH CAUSE OF ACTION

### (Libel at Common Law and Civ. Code § 45A)

### (Brandon J. Schwartz and Brandon J. Schwartz, A Professional Corporation Against Justin Riddle)

95. The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

96. In writing, the Defendant has accused the Law Firm Plaintiffs of a number of federal crimes under penalty of perjury.

97. In writing, the Defendant has accused the Law Firm Plaintiffs of dishonest conduct.

98. The Defendant intentionally communicated these statements to several third parties as well as the general public.

99. These statements identify the Law Firm Plaintiffs by using Schwartz's full birth name, Bar number, and Schwartz APC's mailing address.

100. The Defendant knew these statements were false or at least made them with negligence as to their veracity.

101. The Defendant made these statements without privilege or justification.

102. These statements were made without any logical connection to the proceeding in which they were made and without any reasonable purpose of advancing the litigation.

103. The above-described statements concerning the Law Firm Plaintiffs directly injured them by exposing him to hatred, contempt, ridicule, or disgrace, or which would cause the Plaintiffs to be shunned or avoided.

104. The above-described statements convey a defamatory meaning. They harm the Law Firm Plaintiffs' reputations as to lower them.

105. The Law Firm Plaintiffs have therefore incurred damages to be proven at trial.

COMPLAINT; DEMAND FOR JURY TRIAL

## **EIGHTH CAUSE OF ACTION**

### **(Libel Per Se at Common Law and Civ. Code § 45)**

**(Brandon J. Schwartz and Brandon J. Schwartz, A Professional Corporation Against Justin Riddle)**

106.    The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

107.    In writing, to users on Twitter, to the United States District Court for the Western District of Texas, and to the Fifth Circuit Court of Appeals, the Defendant accused the Law Firm Plaintiffs of committing specific federal offenses.

108.    These statements are defamatory on their face.

109.    The Defendant intentionally published these statements to third-parties, and admitted that their purpose was to ruin Schwartz's life.

110.    Upon information and belief, the recipients of these statements understood them to refer to the Law Firm Plaintiffs.

111.    The Defendant knew these statements were false or at least made them with negligence as to their veracity.

112.    The Defendant made these statements without privilege or justification, because they were not made to achieve the objects of his litigation against X Corp. and they did not have some connection or logical relation to the action.

113.    The above-described statements concerning the Law Firm Plaintiffs directly injured them by exposing them to hatred, contempt, ridicule, or disgrace, or which would cause the Law Firm Plaintiffs to be shunned or avoided.

114.    The above-described statements convey a defamatory meaning. They harm the Law Firm Plaintiffs' reputations as to lower them.

115.    The Law Firm Plaintiffs are therefore presumed to have incurred damages.

COMPLAINT; DEMAND FOR JURY TRIAL

## NINTH CAUSE OF ACTION

### (Abuse of Process)

**(Brandon J. Schwartz and Brandon J. Schwartz, A Professional Corporation Against Justin Riddle)**

116.    The Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

117.    The Defendant used his district court case and appellate case against X Corp. in a wrongful manner, which was not proper in the regular conduct of a proceeding to accomplish the purpose of injuring the Law Firm Plaintiffs.

118.    The Defendant acted with an ulterior motive, stating that he was doing it to ruin Schwartz's life.

119.    This willful act was committed by the Defendant, and it was not authorized by the process and not proper in the regular conduct of the proceedings. In fact, the filing in district court was part of a litany of vexatious filings that failed to conform to the court rules. In dismissing the case with prejudice, the district court found that the Defendant used the docket to harass and threaten others.

120.    The Defendant's misuse of the legal process caused damage to the Law Firm Plaintiffs.

//

COMPLAINT; DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant as to each claim for relief as follows:

**AS TO THE FIRST CAUSE OF ACTION** (Promoting CSAM (18 U.S.C. § 2255)):

1. For liquidated damages of $150,000 as set forth in 18 U.S.C. § 2255(a);

2. For costs pursuant to Fed. R. Civ. P. § 54(d) and 18 U.S.C. § 2255(a);

3. For attorney fees where allowed by law pursuant to 18 U.S.C. § 2255(a);

4. For punitive damages pursuant to 18 U.S.C. § 2255(a); and,

5. For such other relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION** (Computer Fraud and Abuse (18 U.S.C. § 1030(g))):

1. For general and special damages according to proof at trial;

2. For costs pursuant to Fed. R. Civ. P. § 54(d); and,

3. For such other relief as the Court deems just and proper.

**AS TO THE THIRD CAUSE OF ACTION** (Ralph Civil Rights Act (Civ. Code § 51.7)):

1. For treble damages according to proof at trial;

2. For exemplary damages pursuant to Civ. Code § 52(b)(1);

3. For a civil penalty of $25,000 pursuant to Civ. Code § 52(b)(2) for each act;

4. For attorney fees where allowed by law pursuant to Civ. Code § 52(b)(3);

5. For costs of the suit incurred; and,

6. For such other relief as the Court deems just and proper.

**AS TO THE FOURTH CAUSE OF ACTION** (Tom Bane Civil Rights Act (Civ. Code § 52.1)):

1. For general and special damages according to proof at trial;

2. For exemplary damages pursuant to Civ. Code § 52(b)(1);

3. For attorney fees where allowed by law pursuant to Civ. Code § 52(b)(3);

4. For costs of the suit incurred; and,

5. For such other relief as the Court deems just and proper.

COMPLAINT; DEMAND FOR JURY TRIAL

**AS TO THE FIFTH CAUSE OF ACTION** (Creation and Intentional Disclosure of Digitized Sexually Explicit Material (Civ. Code § 1708.86)):

1.  For statutory damages of $250,000 for each act pursuant to Civ. Code § 1708.86(f)(1)(B)(II);

2.  For punitive damages pursuant to Civ. Code § 1708.86(f)(1)(C);

3.  For attorney fees where allowed by law pursuant to Civ. Code § 1708.86(f)(1)(D);

4.  For an injunction pursuant to Civ. Code § 1708.86(f)(1)(E) preventing the Defendant from generating and posting pornography depicting Schwartz;

5.  For costs of the suit incurred; and,

6.  For such other relief as the Court deems just and proper.

**AS TO THE SIXTH CAUSE OF ACTION** (Knowingly Sending Unsolicited Image Depicting Obscene Material By Electronic Means (Civ. Code § 1708.88)):

1.  For statutory damages of $30,000 for each act pursuant to Civ. Code § 1708.88(c)(2)(B);

2.  For punitive damages pursuant to Civ. Code § 1708.88(c)(2)(C)

3.  For attorney fees where allowed pursuant to Civ. Code § 1708.88(c)(3)(A);

4.  For an injunction pursuant to Civ. Code § 17088.88(c)(3)(B) preventing the Defendant from sending such material to the Plaintiffs;

5.  For costs of the suit incurred; and,

6.  For such other relief as the Court deems just and proper.

**AS TO THE SEVENTH CAUSE OF ACTION** (Libel at Common Law and Civ. Code § 45A):

1.  For general and special damages according to proof at trial;

2.  For punitive damages;

3.  For costs of the suit incurred; and,

4.  For such other relief as the Court deems just and proper.

**AS TO THE EIGHTH CAUSE OF ACTION** (Libel Per Se at Common Law and Civ. Code § 45A):

17

5.  For general and special damages according to proof at trial;

6.  For presumed damages;

7.  For punitive damages;

8.  For costs of the suit incurred; and,

9.  For such other relief as the Court deems just and proper.

**AS TO THE NINTH CAUSE OF ACTION** (Abuse of Process):

1.  For general and special damages according to proof at trial;

2.  For punitive damages

3.  For costs of the suit incurred; and,

4.  For such other relief as the Court deems just and proper.

<u>**REQUEST FOR JURY TRIAL**</u>

All Plaintiffs hereby demand a trial by jury on all issues.

Respectfully submitted,

Dated: August 5, 2026                         Schwartz APC

By: <u>/s/ Brandon J. Schwartz</u>
Brandon J. Schwartz
*Pro Se*
Attorney for Plaintiffs BRANDON J. SCHWARTZ, A PROFESSIONAL CORPORATION; BOOMAJOOM, LLC

COMPLAINT; DEMAND FOR JURY TRIAL